UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) ARTHUR HECK, DARLENE HECK, ) and CHUCK HECK'S AUTO ) REPAIR & TOWING, INC., ) ) Defendants, ) ) and ) ) ROBERT LEE MAYBERRY and ) MICHELLE MAYBERRY, ) ) Indispensable Defendants. ) | CASE NO.:   2016-cv-220 |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the plaintiff, SENTRY SELECT INSURANCE COMPANY, and for its Complaint for Declaratory Judgment against defendants, ARTHUR HECK, DARLENE HECK, and CHUCK HECK'S AUTO REPAIR & TOWING, INC., and indispensable defendants, ROBERT LEE MAYBERRY and MICHELLE MAYBERRY, states as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1.      Plaintiff, SENTRY SELECT INSURANCE COMPANY ("SENTRY"), is an insurance company that issued a policy of insurance to Weber Chevrolet Company Inc. as the First Named Insured, effective April 1, 2015 to April 1, 2016.  Weber Granite City Chevrolet ("Weber Chevrolet") is an Additional Named Insured under the Sentry Policy.

2. Defendants, ARTHUR HECK, DARLENE HECK, and CHUCK HECK'S AUTO REPAIR & TOWING, INC. ("collectively, "DEFENDANTS") are alleged to have ignored a stop sign while operating a flatbed truck, entered an intersection without the right of way, and caused injuries to ROBERT LEE MAYBERRY and MICHELLE MAYBERRY ("UNDERLYING PLAINTIFFS"). DEFENDANTS seek coverage for the personal injury claims of UNDERLYING PLAINTIFFS under the policy of insurance issued by SENTRY to Weber Chevrolet based solely on the presence of a vehicle owned by Weber Chevrolet on the flatbed of DEFENDANTS' truck at the time of the subject automobile accident.

3. Sentry brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure. SENTRY seeks a declaration that it does not owe a duty to defend or indemnify DEFENDANTS with regard to the lawsuit styled *Robert Mayberry and Michelle Mayberry v. Arthur Heck, Chuck Heck's Repair & Towing, Inc. d/b/a Chuck Hecks Auto Repair & Tow, and Darlene Heck d/b/a Chuck Heck's Auto Repair & Towing Inc. and d/b/a Chuck Hecks Auto Repair & Tow* filed under action number 15-L-893 in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois ("the Underlying Lawsuit"). A copy of the operative pleading in the Underlying Lawsuit is attached hereto as Exhibit "A" and incorporated by reference.

4. There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the policy of insurance issued by SENTRY to Weber Chevrolet. SENTRY contends that there is no obligation to defend or indemnify DEFENDANTS in connection with the claims asserted in the Underlying Lawsuit based on the terms of the Sentry Policy and applicable law.

5. SENTRY has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Sentry Policy. A judicial declaration is appropriate at this time so that SENTRY may ascertain its rights and duties with respect to defense and indemnity under the Sentry Policy for the Underlying Lawsuit.

6. Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this district and DEFENDANTS and UNDERLYING PLAINTIFFS reside in this district.

## THE PARTIES

8. Plaintiff, SENTRY SELECT INSURANCE COMPANY, is a Wisconsin Insurance company with its principal place of business in Wisconsin.

9. Defendant, ARTHUR HECK, is a resident of Granite City, Madison County, Illinois.

10. Defendant, DARLENE HECK, is a resident of Granite City, Madison County, Illinois.

11. Defendant, CHUCK HECK'S AUTO REPAIR & TOWING, INC., is a resident of Granite City, Madison County, Illinois with its principal place of business in Granite City, Madison County, Illinois

12. Indispensable defendant, ROBERT LEE MAYBERRY, is a resident of Alton, Madison County, Illinois.

13. Indispensable defendant, MICHELLE MAYBERRY, is a resident of Alton, Madison County, Illinois.

## FACTUAL BACKGROUND

14. This is a declaratory judgment action arising out of an automobile accident that occurred on or about June 9, 2015 at the intersection of Ferguson Avenue and Third Street in Wood River, Madison County, Illinois ("the Accident") and injuries allegedly sustained to UNDERLYING PLAINTIFFS as a result of the Accident.

15. The Underlying Lawsuit alleges that on June 9, 2015, ROBERT LEE MAYBERRY was operating his motorcycle in a westbound direction on Ferguson Avenue at the intersection of Third Street. The Underlying Lawsuit alleges that MICHELLE MAYBERRY was riding as a passenger on that motorcycle.

16. The Underlying Lawsuit alleges that on June 9, 2015, ARTHUR HECK, an employee of DARLENE HECK and/or CHUCK HECK'S AUTO REPAIR & TOWING, INC. acting within the scope of his employment, was operating a 1995 International 4000 tow truck owned by CHUCK HECK'S AUTO REPAIR & TOWING, INC. ("the Truck") traveling southbound direction on Third Street.

17. Upon information and belief, the Truck is a flatbed truck.

18. At the time of the Accident, a vehicle owned by Weber Chevrolet was wholly situated on the flatbed portion of the Truck.

19. The vehicle owned by Weber Chevrolet did not physically impact UNDERLYING PLAINTIFFS or their motorcycle.

20. The Underlying Lawsuit alleges that DEFENDANTS, in their operation of the Truck, failed to yield to the stop sign for southbound traffic posted at the intersection of

Ferguson Avenue and Third Street. The Underlying Lawsuit alleges that DEFENDANTS' Truck struck UNDERLYING PLAINTIFFS' motorcycle.

21. The Underlying Lawsuit alleges that DEFENDANTS were negligent in that, in their operation of the Truck, they failed to keep a proper lookout, failed to keep their vehicle under control, failed to properly obey a stop sign at the intersection of Third Street and Ferguson Avenue, failed to yield to the right of way of UNDERLYING PLAINTIFFS, and failed to stop and yield at a posted stop sign in violation of Section 11-904 of the Illinois Motor Vehicle Code.

22. The Underlying Lawsuit alleges that DEFENDANTS acted in a willful and wanton manner by recklessly operating a vehicle that failed to have working left rear brakes, recklessly operating a vehicle in which they failed to properly repair the left rear brakes when they knew or should have known of the defect in the brake system, recklessly operating a vehicle with brake lines that were "out of service" for commercial vehicles, and recklessly operating a vehicle with patchwork repairs on the brakes which were not in compliance with the standards of the Illinois Vehicle Code.

## APPLICABLE INSURANCE POLICIES

**A.    THE CONSUMERS POLICY**

23. DEFENDANTS are insured under a primary Motor Carrier Liability Policy issued by Consumers Insurance USA to Chuck Heck's Auto Repair Inc. under policy number TR 29635595-0, effective from September 11, 2014 to September 11, 2015 ("Consumers Policy"). A true and correct copy of the Consumers Policy is attached hereto as Exhibit "B."

24. Section I (Covered Autos) of the Motor Carrier Coverage Form of the Consumers Policy provides as follows:

> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that

may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

25. The Towing Endorsement of the Consumers Policy designates Symbols 67, 68, and 71 with respect to liability and a corresponding $1 million limit of liability.

26. Symbols 67 (Specifically Described "Autos") is described as follows: "Only those 'autos' described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any 'trailers' you don't own while attached to any power unit described in Item Three)."

27. The Schedule of Vehicles/Equipment of the Consumers Policy lists a 1995 International 4000 Series 4700 vehicle for which a premium is charged. Upon information and belief, this vehicle is the Truck involved in the Accident.

28. Section II (Liability Coverage) of the Motor Carrier Coverage Form of the Consumers Policy provides as follows:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

29. Upon information and belief, Consumers is providing a defense to DEFENDANTS in the Underlying Lawsuit.

30. The Consumers Policy provides primary coverage to DEFENDANTS in connection with the Underlying Lawsuit up to $1 million.

**B.     THE SENTRY POLICY**

31. SENTRY issued a Commercial Auto Liability Policy to Weber Chevrolet Company Inc. bearing policy number 24-18486-01, effective from April 1, 2015 to April 1, 2016

("the Sentry Policy"). A true and correct copy of the Consumers Policy is attached hereto as Exhibit "C."

32. Subparagraph 1 (Coverage) of Paragraph D (Covered Autos Liability), Section I (Covered Autos Coverage) of the Sentry Policy, provides, in relevant part, as follows:

> We will pay all sums an "insured" legally must pay as damages, including punitive damages where insurable by law, because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".

33. Subparagraph 2 (Who Is An Insured) of Paragraph D (Covered Autos Liability Coverage), Section I (Covered Autos Coverage) of the Sentry Policy, provides, in relevant part as follows:

> a. THE FOLLOWING ARE "INSUREDS":
> \* \* \*
> (6) Anyone else required by law to be an insured while using a covered "auto" you own, hire or borrow, if the use is within the scope of your permission."

34. Subparagraph 5 (Limits Of Insurance) of Paragraph D (Covered Autos Liability Coverage), Section I (Covered Autos Coverage) of the Sentry Policy, provides, in relevant part, as follows:

> For "accidents" resulting from the ownership, maintenance or use of covered "autos", the following applies:
> \* \* \*
> b. The most we will pay for "Contract Drivers" and anyone required by law to be an "insured" for use of a covered "auto" is that portion of the Limit of Insurance for covered "Autos" Liability Coverage that is needed to comply with the minimum limits provision of the law in the jurisdiction where the "accident" took place. Where there is other insurance applicable to the "accident", we will only pay the amount needed to comply with these minimum limits after the other insurance is exhausted.

**COUNT I – DECLARATORY JUDGMENT**
**DEFENDANTS ARE NOT "INSUREDS" UNDER THE SENTRY POLICY**

35. SENTRY incorporates and realleges Paragraph 1 through 34 above as and for Paragraph 35, as if fully set forth herein.

36. Pursuant to Subparagraph 2 (Who Is An Insured) of Paragraph D (Covered Autos Liability Coverage), Section I (Covered Autos Coverage) of the Sentry Policy, an individual or entity is only an "insured" under the Sentry Policy if required to an "insured" by law and only while that individual or entity is using a covered "auto" owned, hired, or borrowed by Weber Chevrolet.

37. DEFENDANTS only qualify as an insured under the Sentry Policy while using a covered "auto" owned, hired, or borrowed by Weber Chevrolet.

38. At the time of the Accident, the vehicle owned by Weber Chevrolet was wholly situated on the flatbed portion of the Truck.

39. At the time of the Accident, no portion of the vehicle owned by Weber Chevrolet was touching the roadway.

40. At no point before or during the Accident did the vehicle owned by Weber Chevrolet move from the flatbed portion of the Truck.

41. At the time of the Accident, DEFENDANTS were not using a covered "auto" Weber Chevrolet owns, hires, or borrows.

42. SENTRY does not owe a duty to defend or indemnify DEFENDANTS in the Underlying Lawsuit under the Sentry Policy because DEFENDANTS do not qualify as "insureds" as defined by the Sentry Policy.

**WHEREFORE,** Plaintiff SENTRY SELECT INSURANCE COMPANY prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Sentry Policy, together with the following relief:

a. That this Court find and declare that SENTRY has no duty to defend DEFENDANTS under the Sentry Policy in the Underlying Lawsuit;

b. That this Court find and declare that SENTRY has no duty to indemnify DEFENDANTS under the Sentry Policy in the Underlying Lawsuit;

c. That this Court grant such other and further relief as it deems just and equitable.

## COUNT II – DECLARATORY JUDGMENT
## THE INSURING AGREEMENT OF THE SENTRY POLICY IS NOT SATISFIED

43. SENTRY incorporates and realleges Paragraph 1 through 42 above as and for Paragraph 43, as if fully set forth herein.

44. Pursuant to Subparagraph 1 (Coverage) of Paragraph D (Covered Autos Liability), Section I (Covered Autos Coverage) of the Sentry Policy, the Sentry Policy only provides coverage for sums an "insured" legally must pay because of damages because of "bodily injury" or "property damage" to which the Sentry Policy applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos."

45. In the alternative, if DEFENDANTS qualify as "insureds" in connection with the use of an "auto" owned, hired, or borrowed by Weber Chevrolet, DEFENDANTS would only be entitled to coverage for damages because of "bodily injury" caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto."

46. The Underlying Lawsuit alleges that the Accident was caused by the negligent acts and/or omissions of DEFENDANTS.

47. The Underlying Lawsuit does not allege that the vehicle owned by Weber Chevrolet situated on the flatbed portion of the Truck caused or contributed to cause the Accident.

48. The vehicle owned by Weber Chevrolet situated on the flatbed portion of the Truck did not cause or contribute to cause the Accident.

49. The injuries for which UNDERLYING PLAINTIFFS seek damages did not result from the ownership, maintenance, or use of the vehicle owned by Weber Chevrolet situated on the flatbed portion of the Truck.

50. SENTRY does not owe a duty to defend or indemnify DEFENDANTS in the Underlying Lawsuit under the Sentry Policy because the Insuring Agreement of the Sentry Policy is not satisfied.

**WHEREFORE,** Plaintiff SENTRY SELECT INSURANCE COMPANY prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Sentry Policy, together with the following relief:

   a. That this Court find and declare that SENTRY has no duty to defend DEFENDANTS under the Sentry Policy in the Underlying Lawsuit;

   b. That this Court find and declare that SENTRY has no duty to indemnify DEFENDANTS under the Sentry Policy in the Underlying Lawsuit;

   c. That this Court grant such other and further relief as it deems just and equitable.

### COUNT III – DECLARATORY JUDGMENT
### STEP DOWN PROVISION VALID AND ENFORCEABLE

51. SENTRY incorporates and realleges Paragraph 1 through 50 above as and for Paragraph 51, as if fully set forth herein.

52. Pursuant to Subparagraph 5 (Limits Of Insurance) of Paragraph D (Covered Autos Liability Coverage), Section I (Covered Autos Coverage) of the Sentry Policy, to the extent the Sentry Policy provides coverage to a person or entity required by law to be an "insured" for covered "autos," the policy only provides that amount of coverage needed to comply with the minimum limits of law in the jurisdiction where the accident took place.

53. Pursuant to Subparagraph 5 (Limits Of Insurance) of Paragraph D (Covered Autos Liability Coverage), Section I (Covered Autos Coverage) of the Sentry Policy, where there is other insurance applicable to an "accident" involving a person or entity required by law to be an "insured" for covered "autos," the Sentry Policy only pays the amount of insurance needed to comply with the minimum limits of law in the jurisdiction where the accident took place after the other insurance has exhausted.

54. The Accident occurred in Illinois.

55. The vehicle owned by Weber Chevrolet situated on the flatbed portion of the Truck at the time of the Accident was required to be insured by liability coverage in the minimum amounts of $100,000 for bodily injury per person and $300,000 for bodily injury per accident.

56. The Consumers Policy provides primary coverage to DEFENDANTS in connection with the Underlying Lawsuit up to $1 million.

57. The limits of liability provided to DEFENDANTS by the Consumer Policy are greater than the minimum limits provision of Illinois law.

58. Paragraph 5 (Limits Of Insurance) of Section D (Covered Autos Liability Coverage), Section I (Covered Autos Coverage) of the Sentry Policy, is valid and enforceable.

59. In the alternative, to the extent DEFENDANTS are required by law to be "insureds" under the Sentry Policy and to the extent the Insuring Agreement of the Sentry Policy is satisfied, the Sentry Policy only affords coverage to DEFENDANTS where their own insurance does not comply with Illinois law governing minimum limits of insurance.

60. Since the Consumers Policy provides coverage to DEFENDANTS in excess of the minimum limits of insurance required by Illinois law, the Sentry Policy does not afford coverage to DEFENDANTS.

61. SENTRY does not owe a duty to defend or indemnify DEFENDANTS in the Underlying Lawsuit under the Sentry Policy because the Sentry Policy is not required to pay when there is other insurance applicable to an "accident" that complies with the minimum limits of Illinois law.

**WHEREFORE,** Plaintiff SENTRY SELECT INSURANCE COMPANY prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Sentry Policy, together with the following relief:

   a. That this Court find and declare that SENTRY has no duty to defend DEFENDANTS under the Sentry Policy in the Underlying Lawsuit;

   b. That this Court find and declare that SENTRY has no duty to indemnify DEFENDANTS under the Sentry Policy in the Underlying Lawsuit;

   c. That this Court grant such other and further relief as it deems just and equitable.

**COUNT IV – DECLARATORY JUDGMENT**
**NO COVERAGE FOR PUNITIVE DAMAGES**

62. SENTRY incorporates and realleges Paragraph 1 through 61 above as and for Paragraph 62, as if fully set forth herein.

63. Pursuant to Subparagraph 1 (Coverage) of Paragraph D (Covered Autos Liability), Section I (Covered Autos Coverage), the Sentry Policy only provides coverage for punitive damages where insurable by law.

64. In the alternative, to the extent DEFENDANTS are required by law to be "insureds" under the Sentry Policy, to the extent the Insuring Agreement of the Sentry Policy is satisfied, and to the extent the Sentry Policy is found to provide coverage to DEFENDANTS in addition to and excess of the $1 million limits of the Consumers Policy, the Sentry Policy does not afford coverage for punitive damages awarded against DEFENDANTS.

**WHEREFORE,** Plaintiff SENTRY SELECT INSURANCE COMPANY prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Sentry Policy, together with the following relief:

a. That this Court find and declare that SENTRY has no duty to indemnify DEFENDANTS under the Sentry Policy for punitive damages awarded against DEFENDANTS in the Underlying Lawsuit;

b. That this Court grant such other and further relief as it deems just and equitable.

Dated: This 1st date of March, 2016.

                                                Respectfully submitted,

                                                /s/ Michael S. Knippen
                                                Michael S. Knippen
                                                *Attorney for Sentry Select Insurance Company*

Michael S. Knippen
Brian C. Bassett (Admission Pending)
Jeremy S. Macklin
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
303 W. Madison Street, Suite 1200

Chicago, Illinois 60606
(312) 332-3900 (t)
(312) 332-3908 (f)
mknippen@traublieberman.com
bbassett@traublieberman.com
jmacklin@traublieberman.com