IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SENTRY SELECT INSURANCE
COMPANY

**Plaintiff,**

v.                                                        Case No. 16-cv-220-DRH-DGW

ARTHUR HECK, DARLENE HECK,
and CHUCK HECK'S AUTO
REPAIR & TOWING, INC.,

**Defendants.**

**and**

ROBERT LEE MAYBERRY and
MICHELLE MAYBERRY,

**Indispensable Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Now before the Court is indispensable defendants Robert and Michelle Mayberry's motion to dismiss (Doc. 26). Specifically, the defendants move for the dismissal of plaintiff's complaint for declaratory judgment pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and 28 U.S.C. §1332 for lack of subject matter jurisdiction. Naturally, plaintiff Sentry Select Insurance Company (hereinafter "Sentry") opposes the motion (Doc. 29). For the reasons stated below, defendants' motion to dismiss is **GRANTED**.

## II. <u>Background</u>

On March 1, 2016, Sentry filed the pending lawsuit seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201, et seq., and Rule 57 of the FEDERAL RULES OF CIVIL PROCEDURE for events arising out of an automobile accident that occurred on or about June 9, 2015 at the intersection of Ferguson Avenue and Third Street in Wood River, Illinois. Sentry argues that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the controversy is between citizens of different states and exceeds the sum of $75,000 exclusive of interest and costs (Doc. 1).

Specifically Sentry seeks a declaration that it "does not owe a duty to defend or indemnify defendants with regard to the lawsuit styled *Robert Mayberry and Michelle Mayberry v. Arthur Heck, Chuck Heck's Repair & Towing, Inc. d/b/a Chuck Hecks Auto Repair & Tow, and Darlene Heck d/b/a Chuck Heck's Auto Repair & Towing Inc. and d/b/a Chuck Hecks Auto Repair & Tow* filed under action number 15-L-893 in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois" (Doc. 1, ¶3). Sentry goes on to allege that it has "no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Sentry Policy."

The Mayberrys, as the injured parties from the accident, filed an action against the Heck defendants in Madison County Circuit Court on July 16, 2015. Thereafter, on February 5, 2016, the Mayberrys filed a motion to amend their complaint in order to add a claim for declaratory judgment against Sentry in the

pending state court action (Doc. 26-2). The amended complaint was later filed on March 28, 2016 (Doc. 26-4).

The underlying facts of the Madison County lawsuit allege that at the time of the accident, Robert Mayberry was operating his motorcycle with Michelle Mayberry riding as his passenger on the motorcycle. Arthur Heck, acting within the scope of his employment with Chuck Heck's Auto Repair & Towing, was operating a tow truck owned by Heck's Auto Repair & Towing with a vehicle owned by Weber Chevrolet on the flatbed portion of the truck. The state court complaint alleges that Arthur Heck was negligent in failing to yield to a stop sign, and struck the Mayberry's motorcycle as a result (Doc. 1, ¶21).  The Mayberry defendants allege that the underlying personal injury suit pending in state court, inclusive of a count for declaratory judgment as to the liability on the Sentry insurance policy issued to Weber Granite City Chevrolet, is parallel to Sentry's action before this Court. Thus, on April 26, 2016, the Mayberry defendants filed the pending motion to dismiss for lack of subject matter jurisdiction based on the *Wilton/Brillhart* abstention doctrine (Doc. 26).

### III. Motion to Dismiss

The subject motion is filed pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1). Rule 12(b)(1) requires dismissal if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Seventh Circuit has stated that although a plaintiff may easily defeat a Rule 12(b)(6) motion to dismiss for failure to state a claim, the same is not true for a Rule 12(b)(1) motion to dismiss for lack of

subject matter jurisdiction. *Bastien v. AT & T Wireless Services, Inc.*, 205 F.3d 983, 990 (7th Cir. 2000). When a defendant makes a 12(b)(1) challenge, the plaintiff bears the burden of establishing jurisdiction. The Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir.2007) (citation omitted). Yet, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject matter jurisdiction over the case. *Id*. In any event, the plaintiff has the burden of proving that subject matter jurisdiction exists. *Id.* With this standard in mind, the Court now turns to defendant's arguments for dismissal.

## IV. <u>Analysis</u>

### a. *Wilton/Brillhart* Abstention Doctrine

"Under what is known as the *Wilton/Brillhart* abstention doctrine, district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983 (7th Cir. 2010). *Wilton/Brillhart* doctrine applies "in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists." *Envision*, 604 F.3d at 986 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995); *Provident Tradesmens Bk. & Tr. Co. v. Patterson*, 390 U.S. 102, 126 (1968) (noting "we reaffirm our prior holding that a federal district court should, in the exercise of discretion, decline to exercise jurisdiction over a diversity action raising issues of

state law when those same issues are being presented contemporaneously to state courts.")); see also *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711(7th Cir. 2009) ("There is no doubt that a court may dismiss or stay an action under the *Wilton/Brillhart* abstention doctrine where solely declaratory relief is sought.").

Determining whether abstention is appropriate involves a two-step inquiry. First, the Court must determine whether the state and federal cases are parallel. *Id*. at 716–17. If the cases are parallel, the Court must then determine whether the non-declaratory claims are independent of the declaratory claims. *Id*. [1]

A suit is 'parallel' "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum". *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988); see also *Sta–Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir.1996).

**b. Application**

Here, the Mayberry defendants' argue that the state and federal cases are parallel because they involve substantially the same parties and share the same central issues (Doc. 26). The Court agrees. Resolving whether the suits share the same central issues focuses on the likelihood that the state court litigation will dispose of all claims presented in the federal case. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir.2005). Sentry's claims for declaratory relief in the pending action are based on issues that are now before the Madison County Circuit Court in the matter of *Mayberry v. Heck, et. al*. Both the federal and state

---

[1] The Court need not engage in this second inquiry here, as Sentry's complaint does not contain any non-declaratory judgment claims. The complaint includes four counts, all of which seek declaratory judgment.

actions involve the same parties contemporaneously litigating the same issues regarding Sentry's liability on its insurance policy issued to Weber Chevrolet. Thus, there is a substantial likelihood that the state court case will dispose of all claims pending before this Court.[2]

In further support of dismissal, the state court case has been pending in Madison County Circuit Court since July, 2015, prior to Sentry's filing of the declaratory judgment in this Court. Also, the motion to amend the state court complaint to add a claim for declaratory judgment was filed prior to the declaratory judgment action in this Court. Moreover, as to Sentry's arguments regarding public policy, the Court points out that if it were against Illinois public policy for the Mayberrys to bring claims against Sentry, the Illinois state court would not have allowed them to amend their complaint to add a declaratory judgment claim in the first place.

Accordingly, the Court finds that these two cases are parallel for the purposes of *Wilton/Brillhart* abstention. Therefore, the Court finds it appropriate to exercise its discretion under Declaratory Judgment Act and *Wilton/Brillhart* doctrine, and declines to exercise jurisdiction over Sentry's complaint. Therefore, the Court dismisses this matter without prejudice with leave to reinstate upon the completion of the state case, if the state court does not dispose of the declaratory judgment claims. At that time, unless there is some other legal impediment to reinstatement, the Court will allow reinstatement.

---

[2] If the state court does not dispose of all claims pending before this Court, Sentry may then file a motion in this case for leave to reinstate.

## V. Conclusion

For the reasons stated above, indispensable defendants Robert and Michelle Mayberry's motion to dismiss for lack of subject matter jurisdiction (Doc. 26) is **GRANTED**. This cause is **DISMISSED without prejudice** in favor of further proceedings in state court.

**IT IS SO ORDERED.**

Signed this 27th day of March, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.03.27 14:57:50 -05'00'

**United States District Judge**